UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JASON HOLMAN,
VICTON BETHEL,
JIM DENBY,
TIMOTHY HUDDLESTON,

    Plaintiffs,

v.                                                                                              07-3236

CHRISTIAN COUNTY JAIL
OFFICERS AND CHRISTIAN
COUNTY SHERIFF

    Defendants.

## Order

    The plaintiffs have sent in a letter complaining about the conditions at Christian County Jail, where they are apparently currently incarcerated as federal inmates. The court has construed the letter as a Complaint and has directed the clerks to open this case. *See Robinson v. Doe,* 272 F.3d 921, 922-23 (7th Cir.2001). The plaintiffs have not paid the $350 filing fee or submitted petitions to proceed *in forma pauperis.*

    Lawsuits filed by prisoners in federal court are subject to the Prison Litigation Reform Act ("PLRA"). The PLRA requires plaintiffs to pay the entire $350 filing fee even if they proceed *in forma pauperis*. A separate $350 filing fee will be collected from each plaintiff if they desire to proceed, no matter what happens to the case later ($1,400 total). *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). If the plaintiffs are granted leave to proceed *in forma pauperis* the filing fee will be collected in installments from the plaintiffs' trust fund accounts. Additionally, if the plaintiffs proceed together on this case, each will be held accountable for the others' claims with regard to sanctions and "strikes." *Id.* Additionally, each of the plaintiffs has to sign the complaint, as well as any motion filed with the court seeking action on their common claims.

    The PLRA also requires the court to review the plaintiff's complaint, and to dismiss it if it fails to state a claim under federal law. 28 U.S.C. §1915A. If the complaint fails to state a federal claim, the case is dismissed and the plaintiff is assessed a "strike." Incarcerated plaintiffs

are barred from proceeding *in forma pauperis* if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g). The court is not deciding at this point whether the plaintiffs state a federal claim.

The plaintiffs should also be aware that the Prison Litigation Reform Act requires them to exhaust all available administrative remedies before filing in federal court. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). This means each plaintiff must timely pursue whatever grievance procedures are available at the Jail, including all appeals, before filing a lawsuit in federal court. If a plaintiff fails to do this, his case is subject to dismissal without prejudice to refiling after he has exhausted his available administrative remedies.

The plaintiffs will be given an opportunity to consider the above and decide if they still wish to proceed jointly with this case.

IT IS THEREFORE ORDERED:

1) The clerk is directed to send each plaintiff a petition to proceed *in forma pauperis*, a complaint form, and the accompanying instructions. The plaintiffs are not required to use the court's form. However, they must submit a complaint that has been signed by all of them.

2) By October 10, 2007, the plaintiffs are directed to inform the court in writing whether they intend to proceed jointly in this lawsuit or whether they would prefer to proceed separately (or not at all).

3) By October 10, 2007, any plaintiff wishing to proceed, whether jointly or individually, must file a petition to proceed *in forma pauperis* or pay the $350 filing fee in full. Each plaintiff is responsible for paying his own $350 filing fee, even if proceeding jointly. Failure of a plaintiff to pay the fee or file a petition to proceed *in forma pauperis* will result in dismissal of this case as to that plaintiff, without prejudice and without assessment of a filing fee.

4) The clerk is directed to add Christian County Jail in the docket for the plaintiffs' addresses. Each plaintiff must immediately notify the court in writing of any change in address. Failure to do so will result in dismissal of this case as to that defendant.

5)  Anything filed by the plaintiffs must be signed by all of them. If a filing lacks a signature by any one of the plaintiffs, the court will presume that plaintiff does not join in the motion and will deny the motion on that basis.

Entered this 12th Day of September, 2007.

> **s/Harold A. Baker**
> _____
> HAROLD A. BAKER
> UNITED STATES DISTRICT JUDGE